**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-2462**

———————————

In re: William C. Bond,

          Petitioner.

———————————

On Petition for Writ of Mandamus.  (1:05-cr-00358-JFM)

———————————

Submitted:  December 6, 2013      Decided:  December 6, 2013

———————————

Before KING, SHEDD, and DIAZ Circuit Judges.

———————————

Petition dismissed by unpublished per curiam opinion.

———————————

William C. Bond, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed by William C. Bond under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA").

The CVRA affords to victims of crime the rights to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights may be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." Id. If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." Id.

Bond filed a Motion for Relief under the Crime Victim's Rights Act in the district court on November 20, 2013 alleging that the Maryland U.S. Attorney's Office is violating his rights under the Crime Victim's Rights Act, and the rights of all the citizens of Maryland, by failing to protect them from judicial misconduct of federal judges and misconduct by "incompetent and

unethical attorneys." Bond has been attempting to intervene in the underlying criminal case since 2009, to unseal documents which he claims will show misconduct on the part of judges and attorneys in the case. (Bond is named as an "interested party" on the docket sheet of the underlying criminal case.) The district judge denied the motion on November 21, 2013, by handwriting the word "denied" on the first page of the motion without further discussion (see attached).

Petitioner filed the petition for writ of mandamus pursuant to 18 U.S.C. §3771, Crime Victims' Rights in this court on December 5, 2013 at 3:21 p.m. According to Bond, this case involves "a highly publicized Maryland political corruption case in which a total of nine people were prosecuted and convicted by the Government." Bond had been attempting to intervene in this case for many years to unseal the record in the criminal case. In 2009, the district court denied his motion to intervene and unseal "attorney disqualification" and "prosecutorial misconduct" documents, and this court, in 09-7572, in an unpublished per curiam opinion, affirmed for the reasons stated by the district judge (see docket entry 221 of the district court docket, entered July 16, 2009.) Petitioner is now attempting to relitigate these same issues by claiming his status as "crime victim" under the Crime Victim's Rights Act and alleging that the Maryland U.S. Attorney's Office owes a duty to him, and the other citizens of Maryland, to protect them from

the federal judges who have "repetitiously violated 28 U.S.C. §455," pertaining to the disqualification of judges.

Petitioner is not a crime victim under the Crime Victim's Rights Act. He was not the victim in the underlying criminal matter- he is listed on the district court docket as "an interested party." His failed attempts to intervene in the criminal case do not make him a crime victim, nor do the alleged denials of his rights under the Crime Victim's Rights Act bootstrap him to this status. By his own admission, "there is no prosecution to be as yet underway." The rights he seeks- unsealing of documents and protection "from two Article III judges who have repetitiously violated 28 U.S.C. 455" are not rights enumerated in 18 U.S.C. 3771(a).

Accordingly, the court denies petitioner's application to proceed in forma pauperis and dismisses the petition for writ of mandamus.

DISMISSED